# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 21-0422 FMO-2 & 3 |
| Plaintiff, | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| JESUS CHUY TOSCANO, and ALEJANDRO ALVAREZ-RUBIO, | ) ) ) | |
| Defendants. | ) | |

Pursuant to Fed. R. Crim. P. 16(d)(1) and having reviewed and considered the government's Ex Parte Application (Dkt. 31) regarding the scope of the Proposed Protective Order ("Protective Order"), the court hereby enters the following Protective Order governing the disclosure of protected information in this matter. The court finds that the instant Protective Order is narrowly tailored to meet the particular interests at stake in this case. See ABA Standards for Criminal Justice Discovery and Trial by Jury, Commentary to Standard 11-6.5 (3d ed. 1996) ("[T]he provisions of the protective order may be designed to protect a victim or witness, to ensure the safety of the evidence, to establish procedures for disclosure of particular materials, to regulate the timing of specified discovery or otherwise to regulate and control any aspect of the discovery procedures."); Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628-29 (1957) ("The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."). Specifically, the court finds that a Protective

Order is necessary because certain parts of the discovery in this case relate to the history of confidential informants, cooperating witnesses, and/or undercover agents involved in the investigation of this case, and the dissemination or distribution of these discovery materials could compromise the ability of the confidential informants, cooperating witnesses, and/or undercover agents to participate effectively in future investigations in an undercover capacity, and it could expose them to potential safety risks.  Accordingly, IT IS ORDERED as follows:

1. For the purposes of this Protective Order, the following definitions apply:

   a. "Personal Identifying Information," or "PII," is defined as information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number.  The term "Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the Protective Order.

   b. "Defense Team" refers to (1) defendants' counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendants' counsel of record providing assistance on this case - all of whom have been advised of their obligations under the Protective Order and have affirmed to defendants' counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include defendants, their family members, or any other associates of defendants.

2. The government's discovery in this case relates to the defendants' alleged crimes, that is, violations of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), possession with intent to distribute methamphetamine.

3. Certain parts of the discovery in this case relate to the history of confidential informants, cooperating witnesses, and/or undercover agents involved in the investigation of this case, and as such the discovery contains personal identifying information.  The dissemination or distribution

of these materials could compromise the ability of the confidential informants, cooperating witnesses, and/or undercover agents to participate effectively in future investigations in an undercover capacity, and it could expose them to potential safety risks.

4. The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including defendants. Lead defense counsel shall advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

5. The government shall provide defendants' counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If defendants object to any such designation, defendants may do so by application to the court, following a meet and confer with the government regarding the objection.

6. Defendants may review Protected Information only in the presence of a member of the defense team, and his counsel of record shall ensure that defendants are never left alone with any discovery subject to the Protective Order. Defendants may see and review Protected Information in the presence of a member of the defense team, but defendants may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time. Defendants must return any Protected Information to the defense team at the conclusion of any meeting at which defendants are permitted to view the Protected Information. Defendants may not take any Protected Information out of the room in which they are meeting with the defense team. At the conclusion of any meeting with defendants, the member of the defense team present shall take with him or her all Protected Information.

7. The defense team may review Protected Information with a witness or potential witness in this case, including defendants. Before being shown any portion of Protected Information, however, any witness or potential witness must be informed of, and expressly agree, without qualification, to be bound by the requirements of the Protective Order, whose terms shall be communicated to that person by a member of the defense team who is present. The defense team shall maintain a schedule which sets forth the name of each person who made such a

commitment, and the date on which it was made.  That schedule shall be maintained by the defense team; provided, however, it is not precluded from asserting any applicable privilege should a request for its production be made.  No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

8. The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by:  (1) not permitting anyone other than defense team members and defendants as restricted above to see Protected Information; (2) not divulging to anyone the contents of Protected Information; and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

9. To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

10. The defense team shall use Protected Information and materials otherwise identified as containing PII only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by defendants and any motion filed by defendants pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information or materials otherwise identified as containing PII with the court or divulge the contents of such materials in court filings, the filing should be made under seal.  If the court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall make all reasonable attempts to limit the divulging of PII.

11. Any PII that was produced prior to the date of this Protective Order shall be subject to the terms of the Protective Order.

12. Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing PII shall not be used in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty (30) days of the conclusion of appellate and post-conviction proceedings, and upon request of the government, the defense team shall either: return Protected Information and materials otherwise identified as containing PII to the government; certify that such materials have been destroyed; or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

13. In the event that there is a substitution of counsel prior to when such documents must be returned, the Protective Order shall apply to any subsequently substituted or additional defense counsel and to all members of that defense counsel's defense team. New defense counsel will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the Business and Professions Code and the Rules of Professional Conduct all Protected Information and materials otherwise identified as containing PII.

14. The Protective Order may be modified upon a showing of good cause at the request of a party or on the court's own motion.

Dated this 5th day of October, 2021.

/s/
Fernando M. Olguin
United States District Judge